UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE E RAMSEY** and **RHONDA RAMSEY** | § § § | **CIVIL ACTION NO:** |
| *Plaintiffs* | § § § | |
| v. | § § | |
| **TOYOTA MOTOR SALES U S A, INC** and **HAMPTON AUTOMOTIVE, INC** | § § § | **JURY TRIAL REQUESTED** |
| *Defendants* | § § | |

# COMPLAINT

## I. Parties

1. Plaintiffs, **GEORGE E. RAMSEY** and **RHONDA RAMSEY**, now and have been at all times material hereto a married couple whose domicile and residence address is 202 Addison Dr., Woodworth, Rapides Parish, Louisiana 71485.

2. Defendant, **TOYOTA MOTOR SALES U.S.A., INC**., (hereinafter "TMS"), is a corporation organized under the laws of the State of California, with its domicile address in Torrance, California, and with its principal business office in Plano, Texas, and whose agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

3. Defendant, **HAMPTON AUTOMOTIVE, INC.** (hereinafter "Hampton"), is a Louisiana corporation domiciled at 6191 Johnston St., Lafayette, LA 70503, whose agent for service of process is W. Allen Lilly, 109 Stewart Street, Lafayette, LA 70501.

## II. Jurisdiction

**Original jurisdiction under the Magnuson-Moss Warranty Act.**

4. This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d) and 28 USC § 1331 in that this dispute involves predominant issues of federal law. 15 USC § 2310(d) specifically states that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a ... implied warranty...may bring suit for damages and other legal and equitable relief- ... in any appropriate district court of the United States...". The amount in controversy, without interest and costs, exceeds the sum or value specified by 15 U.S.C. § 2310(d)(3)(B), inasmuch as defendants are liable for a return of the purchase price which exceeds $50,000.00, and confers original jurisdiction on this court. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution

## III. Venue

5. Venue is proper in this district under 28 U.S.C. §1391(b) (2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

## IV. Conditions Precedent

6. All conditions precedents have been performed or have occurred.

## V. Facts

### A. The Transaction

7. On October 30, 2023, Plaintiff purchased a new 2024 Toyota Tundra 4WD SR5 CrewMax truck, VIN 5TFLA5DB4RX134453 (hereinafter "Tundra") from Hampton Automotive, Inc. in Lafayette, Louisiana. The Tundra was purchased primarily for Plaintiff's personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership in Lafayette, Louisiana.

8. The sales price of the vehicle was $60,485.90 excluding finance charges; additional expense surrounding the sale was sales tax of $2,834.24; additional expenses surrounding the sale were a charge for licensing and handling, mechanical breakdown coverage, and other miscellaneous charges to the Plaintiff in a total of $3,491.50.

### B. Implied Warranties

9. As a result of the sale of the vehicle to Plaintiffs, an implied warranty arose which included the guarantee that the vehicle be substantially free of defects, and that the vehicle was fit for the ordinary purpose for which such products are purchased.

10. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by Defendant TMS, through its authorized repair facilities. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Actionable Conduct

11. In fact, when Plaintiffs took possession, the Tundra was defective in materials and workmanship, with such defects being discovered within the warranty periods, and with repairs and attempted repairs having been done by authorized repair facilities within one year of the date of filing

herein. Within the first few days after purchase, Plaintiffs began experiencing defective conditions with the Tundra while using the Tundra in an ordinary manner. Defective conditions have occurred since purchase, including, the following:

      a. The carpet and Weather Tech mats of the Tundra being wet and saturated underneath the pedals on the driver's side after rain requiring complete gutting of the interior of the Tundra with no end in sight to the repairs, which have been in excess of 90 days during the Ramsey's ownership;

      b. Scratches on the hood or cab of the truck as a result of the repairs.

      c. Safety Recall 24TA02 performed.

12. Since purchase, Plaintiffs have returned the Tundra to Walker Toyota - Alexandria, an authorized Toyota repair facility, for repairs on several occasions, in Alexandria, Louisiana, where it remained for weeks at a time. Plaintiffs have been deprived of possession of the Tundra for more than 90 days, with the Tundra being the the shop for that time. Despite this prolonged period and through repeat repairs, Defendants were given the opportunity to repair the vehicle. Defendants failed to repair the vehicle despite being several attempts. From the date of its purchase, the Tundra continues to this day to exhibit some or all of the defects described herein.

13. The defects experienced by Plaintiffs with the Tundra substantially impair its use, value and safety.

14. The repairs, repeat repairs, and the need for such lengthy repairs show that Tundra was manufactured with some physical imperfection or deformity, or it lacks necessary components or a certain level of quality.

15. The Tundra continues to this day to exhibit some or all of the defects described herein and in fact exhibits malfunctions to the extent that the Tundra is either completely useless to the Plaintiffs or its use is so inconvenient it must be presumed Plaintiffs would not have purchased it had they known of the defects prior to the sale.

16. Plaintiffs directly notified TMS through its dealerships of the defective conditions of the vehicle on several occasions. Plaintiffs notified Defendants that they wanted a rescission of the sale of Tundra but Defendants have failed and refused to buy back Plaintiffs' defective Tundra.

## VI.  Violations of Law

### Count 1:  Violations of the Louisiana Redhibition Laws

17. Plaintiff re-allege and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

18. The Tundra is a "thing" under La. Civil Code Articles 2520, *et seq*.

19. TMS is a "manufacturer" of the vehicle under La. Civil Code Articles 2520, *et seq*.; if the vehicle was imported and manufactured by an alien affiliate of TMCS, TMS is still liable as the manufacturer unde prevailing case law.

20. Hampton Automotive is a "seller" of the vehicle under La. Civil Code Articles 2520, *et seq*. with actual or constructive knowledge of the defects in the thing it sold, under La. Civil Code Article 2545.

21. Plaintiffs are a "buyer" of the vehicle under in La. Civil Code Articles 2520, *et seq*.

22. The defects described above in the Tundra meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et *seq*. in that the Tundra was sold with some physical imperfection or deformity, or it lacks necessary components or a certain level of quality.

23. Plaintiffs have provided the Defendants sufficient opportunity to repair the defective vehicle.

24. Plaintiff have performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

25. The hidden defects in the Tundra existed at the time of sale and manufacture, but were not discovered until after delivery. The Tundra is not usable or its use is so inconvenient that neither Plaintiffs nor a reasonably prudent buyer would have purchased the vehicle had they known of the defects prior to the sale.

26. Furthermore, Defendants TMS and Hampton Automotive failed to perform the repair work in a good and workmanlike manner. This conduct by those Defendants constitutes a breach of the implied warranties under Louisiana law, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

27. Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiffs have incurred and continues to incur legal fees, costs and expenses in connection therewith.

### Count 2:  Violation of the Magnuson-Moss Warranty Act

28. Plaintiffs re-allege sand incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

29. Plaintiffs, **George E. Ramsey and Rhonda Ramsey**, are a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

30. Defendant, TMA, is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

31. The Tundra is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

32. The implied warranties pertaining to the Tundra are a "implied warranty arising under State law" as defined in the Warranty Act, 15 U.S.C. § 2301(7).

33. The actions of Defendants in failing to tender the Tundra to Plaintiffs free of defects and refusing to repair the Tundra within a reasonable time or replace the defective vehicle constitutes a breach of the implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

34. Plaintiffs have performed all things agreed to and required of them under the sales contract and warranty terms, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

35. As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth hereinabove, Plaintiffs have been damaged in an amount in excess of $50,000 according to proof at trial.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect her rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

**Count 3: Violations of the Louisiana Unfair Trade and Consumer Protection Law**

37. Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

38. Plaintiffs are each a "consumer" within the meaning of La RS 51:1402 (1);

39. The purchase of the Tundra was a "consumer transaction" within the meaning of La RS 51:1402 (3);

40. The manufacture of the Tundra and its wholesale sale to it authorized dealer was engaging in "trade" or "commerce" by Defendant TMS within the meaning of La RS 51:1402 (10);

41. The sale of the motor home by Defendant TMS to its authorized dealer, continually authorizing repairs for defects it is conclusively presumed to know of, and knowing the Tundra would be sold to the ultimatel consumers, in this case, the Plaintiffs, with Defendant TMS being conclusively presumed to know of the defects under Louisiana law, was an unfair or deceptive act or practice in the conduct of trade or commerce and therefore unlawful, as set forth in La RS 51:1405 (1);

42. As a result of the use of the unfair or deceptive act or practice described in the previous paragraph, the Plaintiffs have suffered ascertainable loss of money or moveable property, the

purchase price of the motor home travel trailer described herein, and has suffered actual damages including loss of the purchase price and all surrounding expenses of the sale, mental anguish, inconvenience, and humiliation, and upon award of those damages are entitled to an award of reasonable attorney fees and costs as described in La RS 51:1409 (A).

## VII.   Damages

43. The conduct described above has been and is a producing and proximate cause of damages to Plaintiffs.

44. Plaintiff's damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages, together with applicable penalties and attorney fees allowed by law, general damages, and with legal interest upon the entire sums awarded from the date of sale, judicial demand, or judgment, whichever is applicable, until paid, and for all costs of these proceedings.

45. The damages Plaintiffs have suffered as a direct and proximate result of Defendants' actions exceed $50,000.00.

## VIII.   Request for Relief.

46. Plaintiffs seek the remedy of rescission of the sales contract.

47. Plaintiffs revoke their acceptance of the Tundra for the reason that its defects substantially impair its use, value, and safety to Plaintiffs and the acceptance was based on Plaintiffs' reasonable reliance that any defects in the vehicle would be repaired, and no reasonable prudent buyer would have purchased the Tundra with knowledge of the defects that actually were present, if such had been revealed prior to the sale. Accordingly, Plaintiffs seek a cancellation of the sales contract and an order of the court restoring to Plantiffs the money obtained by Defendants as a result

of the false representations and breaches of implied warranties as set forth above. Plaintiffs also seeks cancellation of the debt and offer to return the Tundra to Defendants.

### IX. Attorney Fees and Costs

48. Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiffs has incurred and continue to incur legal fees, costs and expenses in connection therewith.

### X. Prayer for Relief

49. For these reasons, Plaintiffs prays for judgment against the Defendant for the following

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the 2024 Toyota Tundra 4WD Tundra CrewMax truck, VIN 5TFLA5DB4RX134453 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out of pocket damages for expenditures related to any cost of repairs, deductibles, and towing charges;

   e. Any diminution in value of the vehicles attributable to the defects;

   f. Past and future economic losses;

   g. Prejudgment and post-judgment interest;

   h. Attorney fees;

 I. Costs of suit, expert fees and litigation expenses; and

 j. All other relief this Honorable Court deems appropriate.

## XI. Demand for Jury Trial

50. Plaintiffs hereby demand trial by jury to the extent authorized by law.

      S/Fred A. Pharis
      **FRED A. PHARIS**
      of **PHARIS LAW OFFICES**
      831 DeSoto Street
      Alexandria, LA  71301
      Telephone:  (318) 445-8266
      Fax: (318) 445-5981
      email: fpharis@pharislaw.com
      LA Bar Roll No. 1536
      **ATTORNEY FOR PLAINTIFFS, GEORGE E. RAMSEY AND RHONDA RAMSEY**